UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FREDRICK JAMES DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:13-CV-106-SNLJ |
| MARGARET DICUS, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to proceed in forma pauperis [Doc. #2]. Plaintiff, a prisoner, has filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim.[1] Under 28 U.S.C. § 1915(g), therefore, the Court may not grant the motion unless plaintiff "is under imminent danger of serious physical injury."

After reviewing the complaint, the Court finds no allegations showing that plaintiff was in imminent danger of serious physical injury when he filed his complaint on July 8, 2013.[2] Plaintiff's allegations address past misconduct only, which does not satisfy the imminent danger requirement of § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Although plaintiff uses the term "put my life in danger" in the complaint, he does so in a conclusory fashion and without any factual support. As a result, the Court will deny the motion for leave to

---

[1]*See Davis v. State of Missouri,* Case No. 4:08-CV-1481 DDN (E.D. Mo.); *Davis v. State of Missouri*, Case No. 4:08-CV-1927 CAS (E.D. Mo.); *Davis v. Mitchell*, Case No. 4:09-CV-439 RWS (E.D. Mo.).

[2]Plaintiff alleges that, on June 11, 2013, defendant Margaret Dicus, a nurse practitioner, put his life in danger "by taking [him] off his blood pressure med's [sic]." He also states that Dicus "discontinued all of [his] meds"; however, there is no indication as to what additional medications plaintiff was taking, the period of time plaintiff was not given his medications, or what allegedly happened to plaintiff when the medications were discontinued.

proceed in forma pauperis and will dismiss this action without prejudice to refiling as a fully paid complaint.

Moreover, even if the Court were to grant plaintiff in forma pauperis status and review his complaint under 28 U.S.C. § 1915, this action would be dismissed. Plaintiff brings this action against Margaret Dicus in her official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendant Margaret Dicus.

The complaint is also legally frivolous as to Mississippi County Detention Center, because jails and local government detention centers are not suable entities. *See Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *McCoy v. Chesapeake Correctional Center*, 788 F.Supp. 890 (E.D.Va. 1992)(local jails are not "persons" under § 1983).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(g).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of July, 2013.

                                                  UNITED STATES DISTRICT JUDGE